UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Wayne Williams, :
    Petitioner, :
 :
v. : Case No. 3:06cv972 (JBA)
 :
United States of America, :
    Respondent. :

**RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [DOC. # 1]**

Petitioner Wayne Williams pled guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2) pursuant to an indictment charging that "being an alien who on or about July 10, 2001 had been previously removed to Jamaica from the United States [defendant] was found in the United States at East Hartford, Connecticut" and "was under supervised release when he was found," Indictment, Case No. 04cr271 [Doc. # 1], and on July 29, 2005 petitioner was sentenced by this Court to 46 months' imprisonment and a three-year term of supervised release, see Judgment [Doc. # 1, Attach.]. No direct appeal of his conviction or sentence was filed by petitioner on his counsel's advice "that there were no appealable issue(s) in his case." Pet'r Br. [Doc. # 3] at 3. Petitioner now moves the Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed, contending: (1) that his lawyer was ineffective due to failure to move for dismissal of the Indictment; and (2) that his Fifth Amendment right was violated by a constructive

1

amendment to the Indictment.  Pet'r Mot. [Doc. # 1].  For the reasons that follow, decision on the Petition is reserved on the ineffective assistance of counsel claim and denied on the constructive amendment claim.

## I. Ineffective Assistance of Counsel

Petitioner claims ineffective assistance by his counsel in his criminal illegal reentry proceeding for failure to seek dismissal of the Indictment on grounds that petitioner's removal order was invalid because removal proceedings were commenced and the removal order entered notwithstanding a promise by the United States Attorney's Office "to do all in its power to prevent the deportation of Mr. Williams," which promise was allegedly made in the context of a plea bargain on an unrelated charge of conspiracy to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846, for which petitioner was ultimately sentenced to time served.  See Pet'r Br. at 4-5.

"To support a claim for ineffective assistance of counsel, petitioner must demonstrate that his trial counsel's performance 'fell below an objective standard of reasonableness,' and that he was prejudiced by counsel's deficient acts or omissions." Johnson v. United States, 313 F.3d 815, 817-18 (2d Cir. 2002) (citing Strickland v. Washington, 466 U.S. 668, 687-90 (1984)). "There is a strong presumption that counsel's performance falls within the wide range of professional assistance [and] the

2

defendant bears the burden of proving that counsel's [acts or omissions] [were] unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (internal quotation omitted).  "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential."  Id.

It is well-established that "[a]n alien can defend against [a charge of violation of 8 U.S.C. § 1326(a)] by challenging the validity of the deportation order upon which the charge is predicated."  United States v. Copeland, 376 F.3d 61, 66 (2d Cir. 2004) (citing United States v. Mendoza-Lopez, 481 U.S. 828, 837-38 (1987)).  "In response to Mendoza-Lopez, Congress added a subsection to Section 1326," see id., which provides:

> Limitation on collateral attack on underlying deportation order.
>
> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that--
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).  "The requirements [in § 1326(d)] are

conjunctive, and thus [petitioner] must establish all three in order to succeed in his challenge." United States v. Fernandez-Antonia, 278 F.3d 150, 157 (2d Cir. 2002).

Exhaustion

As to the first requirement – exhaustion – it is undisputed that petitioner did not appeal the Immigration Judge's removal order to the Board of Immigration Appeals. As the Government recognizes, however, petitioner argues that his apparent waiver of administrative review was not "knowing and intelligent," but rather a consequence of the ineffective assistance of his immigration counsel in failing to appeal as he stated he would. See Pet'r Br. at 5, 7. While the Government contends that "Williams fails to recognize that even if his immigration attorney was ineffective – which we do not concede – he would be required to make raise [sic] an ineffective assistance claim during the immigration process" and that "[h]aving failed to properly make and raise the ineffective assistance claim with respect to his immigration attorney during the administrative process, Williams is no[w] foreclosed from doing so," Gov't Opp. [Doc. # 11] at 5, the Government fails to cite any authority for these broad claims, other than to refer to the decision which set out the procedural requirements for supporting a claim of ineffective assistance of counsel before the BIA, see id. (citing Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA), aff'd 857 F.2d

10 (1st Cir. 1988)). In fact, while "[s]tatutory exhaustion requirements, such as Section 1326(d)(1), are generally not subject to exceptions," there is at least one exception: "the exhaustion requirement must be excused where an alien's failure to exhaust results from an invalid waiver of the right to an administrative appeal." United States v. Sosa, 387 F.3d 131, 136 (2d Cir. 2004). "A failure to exhaust administrative remedies bars collateral review of a deportation proceeding under Section 1326(d)(1), therefore, only where an alien's waiver of administrative review was knowing and intelligent. Where this condition is met, an alien can be constitutionally prohibited from collaterally attacking his deportation proceeding, even if denied the opportunity for judicial review, because exhaustion is a valid precondition for judicial review and a knowing and voluntary failure to exhaust would validly waive the right to judicial review." Id. at 136-37.

Here, although no appeal was ever filed on petitioner's behalf, he may not have knowingly and intelligently waived his right to administrative review because he may have relied on his immigration counsel's representations that he would file an appeal, which he did not do. An evidentiary hearing may be necessary to assess whether petitioner had intended to appeal his order of removal and relied on his counsel's assertion before the IJ that he would do so. Accordingly, although petitioner's

5

circumstances are somewhat different from those present in the cases he cites – inasmuch as those cases involved situations where the criminal defendant had not been informed of his right to appeal his order of removal, see United States v. Calderon, 391 F.3d 370, 374 (2d Cir. 2004); Sosa, 387 F.3d at 137, petitioner's failure to appeal here may have been no more knowing or intelligent, but rather due to ineffective assistance of counsel.[1]

---

[1] To the extent the Government is suggesting that petitioner should not be permitted to challenge his criminal counsel's ineffectiveness by invoking ineffectiveness of immigration counsel, inasmuch as petitioner did not file an administrative motion to reopen, such argument is inapplicable here. As the Second Circuit has recognized, "the failure to move to reopen does not deprive this court of jurisdiction because the BIA does not have jurisdiction to decide constitutional issues," see Rabiu v. INS, 41 F.3d 879, 882 (2d Cir. 1994), although the Circuit has also held "that the BIA should consider ineffectiveness claims in the first instance in order to avoid any premature interference with the agency's processes [and thus] review on the merits [of a BIA determination with respect to an ineffectiveness claim] may be conditioned on substantial compliance with the reasonable requirements set forth in Lozada," Zheng v. United States Dep't of Justice, 409 F.3d 43, 46-47 (2d Cir. 2005). However, the procedural bar articulated in Zheng does not control in this case because the rationale behind it – to give the BIA the opportunity to reopen proceedings and correct procedural errors, i.e., by allowing individuals to supplement the record with additional evidence where counsel failed to present such evidence – is inapplicable here, as the ineffectiveness petitioner claims is his immigration counsel's failure to file any administrative appeal, which alleged defect would not have been correctable administratively on rehearing, but required determination of the claimed constitutional ineffectiveness, which the IJ/BIA is without jurisdiction to consider. See also United States of America v. Najera-Trejo, No. 06cr98 (ARR), 2006 WL 2191349, at *5 n.2 (E.D.N.Y. July 31, 2006) ("[I]t appears that the procedural requirements set forth in Lozada are not applicable in the context of a defendant-alien's collateral challenge of a

Deprivation of Opportunity for Judicial Review

The second requirement of § 1326(d), that petitioner demonstrate that he was deprived of the opportunity for judicial review, may be satisfied if the record developed in an evidentiary hearing or otherwise demonstrates that Williams sought to appeal and relied on his immigration counsel's representation that he would file an appeal, although he failed to do so, effectively waiving petitioner's appeal right without petitioner's knowledge or consent. Moreover, "[a]lthough the availability of habeas review is sometimes deemed to constitute an opportunity for judicial review, . . . where no <u>realistic opportunity</u> for judicial review by way of habeas review existed, an alien's failure to seek such review will not be deemed to preclude a collateral attack on a deportation order under Section 1326(d)(2)." <u>Calderon</u>, 391 F.3d at 375 (citing <u>Copeland</u>, 376 F.3d at 68; <u>Sosa</u>, 387 F.3d at 137). Here, again, as petitioner appears to claim he was relying on a representation from counsel that he would appeal on petitioner's behalf, it would not have been realistic for petitioner to seek habeas review.

Fundamental Unfairness

As to the last requirement of § 1326(d), "this provision requires a showing of both a fundamental procedural error and prejudice resulting from that error." <u>Calderon</u>, 391 F.3d at 376.

---

deportation order in a criminal proceeding.").

Accordingly, in the context of an ineffective assistance claim, petitioner would need to demonstrate "(1) that competent counsel would have acted otherwise, and (2) that he was prejudiced by his counsel's performance," see Rabiu v. INS, 41 F.3d 879, 882 (2d Cir. 1994), i.e., by demonstrating that there is a "reasonable probability" that had petitioner's immigration counsel been effective, including raising before the IJ and on administrative appeal the issue of the Government's promise memorialized on the record of petitioner's prior sentencing that the "United States Attorney's Office [would] do all in its power to prevent the deportation of Mr. Williams," Pet'r Br. at 4-5,[2] an order of removal would not have entered, see Copeland, 376 F.3d at 73 (discussing standard for showing prejudice). This issue may require review of the record of proceedings before the IJ concerning this promise and the likely success of an administrative appeal on this issue, had one been taken.

Conclusion

Thus, because of the potential that petitioner could have satisfied the requirements of § 1326(d) and mounted a successful

---

[2] The Court observes that the Government does not dispute that this promise was made, nor does it claim that it objected to petitioner's then-attorney Keith Dubay's characterization of the promise or his statement that he "intend[ed] to see that that promise is honored," Pet'r Br. at 5, nor did it supplement the current record with additional excerpts from the sentencing transcript to suggest that this promise was anything other than part of petitioner's plea bargain or that the Government had in fact done "all in its power" to prevent petitioner's deportation.

8

challenge to the validity of his order of removal underlying the § 1326(a) charge, petitioner's counsel in that criminal proceeding may have been ineffective in failing to move to dismiss the Indictment on that ground. Accordingly, the Court will appoint counsel to represent petitioner and to determine whether an evidentiary hearing is appropriate on these issues.

**II. Constructive Amendment of Indictment**

Petitioner also argues that his First Amendment right was violated when the Indictment was "constructively amended." Specifically, petitioner contends he was "charged with 'Reentry of Removed Alien in violation of Title 8, U.S.C. § 1326(a),'" but that he was convicted of being a deported alien "found" in the United States pursuant to 8 U.S.C. § 1326(a). This argument must be rejected.

"To prevail on a constructive amendment claim, a defendant must demonstrate that either the proof at trial or the trial court's jury instruction so alter an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." United States v. Frank, 156 F.3d 333, 337 (2d Cir. 1995). Contrary to petitioner's contention, however, he was convicted for the same conduct with which he was charged. Although the Indictment and Judgment are both captioned "Reentry of [a] Removed Alien" (consistent with the subject-matter caption

9

of § 1326 – "Reentry of removed aliens"), the offense conduct charged in the Indictment was that petitioner was a removed alien who was subsequently "found in the United States" in violation of § 1326(a), which subsection encompasses both re-entry/attempt to re-enter <u>and</u> being "found" in the United States subsequent to removal, the latter of which is precisely the conduct for which petitioner concedes he was convicted.  Accordingly, the Indictment was not constructively amended as petitioner claims.

**III. Conclusion**

For the foregoing reasons, decision on Williams' Petition [Doc. # 1] is RESERVED on his constitutionally ineffective assistance of counsel claim and DENIED on his claim of constructive amendment.  The Court will appoint counsel to represent Mr. Williams.  If appointed counsel claims that an evidentiary hearing on the matters identified above is necessary to fully develop the record, petitioner's motion will set out the basis and scope of the hearing requested.

IT IS SO ORDERED.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 5th day of April, 2007.**